1  Alexander Hernaez, SBN: 201441
   Jaemin Chang, SBN: 232612
2  **FOX ROTHSCHILD LLP**
   345 California Street, Suite 2200
3  San Francisco, CA 94104
   Telephone:   415.364.5540
4  Facsimile:    415.391.4436
   Email: ahernaez@foxrothschild.com
5  Email: jchang@foxrothschild.com

6
   Attorneys for CYPRESS SECURITY, LLC
7  d/b/a CYPRESS PRIVATE SECURITY

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | ALFREDO RITA, WILLIAM KU, individually and on behalf of all similarly situated, | Case No.: _____ |
|----|---|---|
| 12 | | |
| 13 | Plaintiff, | **NOTICE OF REMOVAL** |
| 14 | v. | |
| 15 | CYPRESS SECURITY, LLC., a California limited liability company d/b/a CYPRESS PRIVATE SECURITY, and DOES 1 – 50, | |
| 16 | | Complaint Filed: December 17, 2015 |
| 17 | Defendants. | |

18

19

20        **TO THE CLERK OF THE ABOVE ENTITLED COURT:**

21        PLEASE TAKE NOTICE that Defendant Cypress Security, LLC d/b/a Cypress Private

22 Security ("Cypress" or "Defendant") hereby removes to this Court the State Court Action described

23 below.  The basis for removal is federal question jurisdiction pursuant to 28 U.S.C. § 1331 &

24 §1441(a).

25                       **Pleadings and Proceedings to Date**

26        1.   On December 15, 2015, Plaintiffs Alfredo Rita and William Ku, individually and

27 purportedly on behalf of all similarly situated  ("Plaintiffs") filed a Complaint in the Superior Court

28

FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: (415) 364-5540  Fax: (415) 391-4436

of California for the County of San Francisco, entitled *Alfredo Rita v. Cypress Security, LLC d/b/a Cypress Private Security and Does 1-50,* Case No. CGC 15-549477 (the "State Court Action").

2. On January 8, 2016, 5, 2014, Plaintiffs filed their proof of services of the Complaint, Summons, and the ADR and Case Management Packet. Plaintiffs purported effectuated service by way of substituted service by delivering a copy of the Summons, Complaint and the ADR and Case Management Packet on December 21, 2015 to LaCreasha Phillips, an office assistant who is not the designated agent of Cypress. Then, on December 29, 2015, Plaintiffs mailed a copy of the same to Cypress.

3. The following constitute all of the process, pleadings, and other papers served on Cypress in this action, true and correct copies of which are attached hereto and incorporated herein:

Exhibit A:  Civil Cover Sheet and Class Action Complaint
Exhibit B:  Summons
Exhibit C:  ADR and Case Management Conference Packet
Exhibit D:  Proof of Service of Summons

4. This Notice of Removal is timely in that it has been filed and served within 30 days of the date Plaintiffs effectuated service of process by way of substitute service under the California Code of Civil Procedure section 415.20(a). Here, Plaintiffs completed service of process on January 8, 2016, the 10th day after December 29, 2015, the date Plaintiffs mailed the Complaint and Summons. (*Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999), (defendant's period for removal will be no less than 30 days from service).)

5. Cypress is the only named defendant in the State Action, and the Does 1-50 do not affect this Notice of Removal. (*Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982) ("Nominal parties, however, are disregarded for removal purposes and need not join in the petition.").) Moreover, Plaintiffs state in their Complaint that the identifies of the doe defendants are unknown. (**Exhibit A** (Complaint) at ¶¶ 8-9.) Hence the Doe defendants need not join in the Notice of Removal. (See *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("The rule of unanimity does not apply to nominal, unknown or fraudulently joined parties.") (internal quotations omitted).)

//

**Federal Question Jurisdiction**

6. The State Action is a civil action which this Court has original jurisdiction under 28 U.S.C. § 1331, and is subject to removal to this Court by Defendants under 28 U.S.C. §1441(a). To wit: Each of Plaintiffs' claims arises out of their employment with Cypress which is governed by a collective bargaining agreement between Cypress and the Service Employees International Union – United Services Workers West (the "Union"). Said collective bargaining agreement was effective at all times relevant to Plaintiffs' claims. (See Declaration of Kes Narbutas at ¶¶ 4-5.)

7. Plaintiffs' complaint consists of the following counts:

> First Count: Violation of California Labor Code § 200 et seq. for failure to pay wages.
>
> Second Count: Violation of Business & Professions Code § 17200 et seq. for unlawful/unfair business practices.
>
> Third Count: Breach of Defendant's Contract with the California Department of General Services for failure to pay benefits and/or cash-in-lieu in compliance with California Government Code § 19134.
>
> Fourth Count: Breach of Implied Good Faith and Fair Dealing for failure to pay benefits and/or cash-in-lieu in compliance with California Government Code § 19134.
>
> Fifth Count: Constructive Fraud for failing to pay wages and benefits under Defendant's Contract with the California Department of General Services.
>
> Sixth Count: Intentional Misrepresentation for Defendant's statement that all benefits and/or cash-in-lieu were properly accounted for.
>
> Seventh Count: Negligent Misrepresentation for Defendant's statement that all benefits and/or cash-in-lieu were properly accounted for.

8. Counts 1 through 5 are preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. As to the remaining counts for misrepresentation, this Court has supplemental jurisdiction under 28 U.S.C. §§ 1367, 1441(c).

**Facts Supporting Federal Question Jurisdiction**

9. Plaintiffs have been employed with Cypress since May 2015. (Narbutas Decl. ¶ 3.) Plaintiff's employment was at all times subject to the terms of the Collective Bargaining Agreement ("CBA") between Cypress and the Service Employees International Union – United Service Workers West (the "Union"). (Narbutas Decl. ¶ 4, Ex. A.)

10. Although Plaintiffs attempt to plead around the Section 301 of the Labor Management Relations Act (LMRA), 29 USC § 185 preemption by omitting any reference to the Union or the CBA, the general allegations underlying all counts in the Complaint relate to their employment with Cypress, a union shop.  (Compl. ¶¶ 2-7, 13-22; Narbutas Decl., Ex. A.)  More specifically, Plaintiffs allege "violations of California Labor Code § 200 et seq. and Business & Professions code § 17200 et seq. . . [and failure to pay] benefits and/or cash-in-lieu payments at the level required under [Department of General Services] contract and Government Code § 19134). (Compl. ¶¶ 2-3.)  Moreover, the Union has the exclusive right to bring wage and hour class action claims under the CBA.  (Narbutas Decl., ¶ 8, Ex. A at p. 32, para. 25.10.)

11. Counts 6 and 7 are the misrepresentation claims are premised on Cypress's statements regarding the wages and benefits paid under the CBA and the contract with the Department of General Services.  Accordingly, all counts alleged in the Complaint arise out of, and are inextricably entwined with, the terms of the Collective Bargaining Agreement between Plaintiff's union and Defendant.

**Plaintiffs' Wage and Hour Claims are Preempted by Section 301 of LMRA.**

12. Counts 1 through 5 of Plaintiffs' Complaint are essentially wage and hour claims requiring interpretation of the CBA.  In an effort to defeat removal, Plaintiffs do not reference the Union or the CBA.  However, Plaintiff cannot defeat removal of federal claims by pleading them as state claims. (*Rivet v. Regions Bank of Louisiana,* 522 US 470, 475 (1998); *Schroeder v. Trans World Airlines, Inc.,* 702 F2d 189, 191 (9th Cir. 1983).) Here, Plaintiffs' employment terms, including their wage and benefits pay and their right to assert class claims, are governed by the CBA.

13. Where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law[,]" a federal court may exercise removal jurisdiction.  *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Calif.*, 463 U.S. 1, 27-28 (1983). Certain federal statutes exert such an extraordinary preemptive force that they are said to completely preempt state law and "convert[] an ordinary state common law complaint into one stating a federal claim for

purposes of the well-pleaded complaint rule." *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Section 301 of LMRA is one such statute, and completely preempts state causes of action falling within its purview. *Franchise Tax Bd.*, 463 U.S. at 23 ("Any such suit is *purely a creature of federal law*, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." (emphasis added)).

14. Courts employ the two-step *Burnside* test to determine whether a claim arises from or is preempted by LMRA section 301: First, the court must ask "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." (*Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).) If the answer is no, then the claim is preempted. (*Id.*) But if the answer is yes, then the court must proceed to the second prong and ask whether the claim is substantially dependent on the analysis of a CBA. (*Id.*) If the claim substantially depends on analysis of a CBA, then the claim is preempted. (*Rodriguez v. Pac. Steel Casting Co.*, No. 12–cv–00353, 2012 WL 2000793 (N.D. Cal. June 1, 2012) (internal citations omitted) (citing *Burnside*, 491 F.3d at 1059).)

15. In this case, under the first prong of the *Burnside* test, the Court has federal question jurisdiction over each and every wage and hour claims Plaintiffs assert on behalf of themselves and class claims on behalf of similarly situated employees. Section 301 of the LMRA vests exclusive federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[.]" (29 U.S.C. § 185(a); *Marcus v. UPS*, No. 5:14-CV-01625 EJD, 2014 WL 3421552, at *2 (N.D. Cal. July 14, 2014).) Since the CBA is a contract between Defendant (an employer) and a labor organization, Counts 1 through 5 (for failure to pay wages and benefit under the CBA and the Government Code section 19134) arise under LMRA § 301. Removal of this entire action is, therefore, proper. *(See also Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-98 (9th Cir. 1987).)

16. Whether a cause of action is preempted under the second prong of the *Burnside* test is determined by the substance of the claim, not Plaintiff's characterization of the claim: Thus, Plaintiffs' wage and hour claims under state law are preempted if the determination of the claims

requires interpretation of the CBA.  (*Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 323-24 (1972); *see also Burnside*, 491 F.3d at 1059  (holding that Section 301 preemption will apply "even in some instances in which the plaintiffs have not alleged a breach of contract in the complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it.").)  Here, the individual and class remedies Plaintiffs seek require interpretation of the CBA and reconcile it against the wage and benefit requirements under the Government Code section 19134.

17.  This Court has supplemental jurisdiction over Counts 6 and 7, the misrepresentation claims in Plaintiffs' Complaint, because these counts are transactionally related.  (See 28 USC § 1367(a); see also *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 682 (9th Cir. 2006) (holding that 28 USC § 1367(a) authorizes supplemental jurisdiction over related claims that do not independently meet jurisdictional requirements "in any civil action of which the district courts have original jurisdiction").)  In particular, these counts are premised on statements Defendant made about its calculation of wage and benefits under the CBA and the Government Code section 19134.  Moreover, all of the causes of action asserted by Plaintiffs seek to remedy Defendant's alleged miscalculation of wage and benefits.  Therefore, this Court should exercise its supplemental jurisdiction over the misrepresentation claims.

18.  For the foregoing reasons, federal question jurisdiction exists over Counts 1 through 5, and supplemental jurisdiction should be exercised over the remaining state-law claims under 28 U.S.C. §§ 1367, 1441(c).  Removal of this entire action is, therefore, proper.

### Venue

19.  Pursuant to Local Rule 3-2(c), this action arose in San Francisco County, California, which is "the county in which a substantial part of the events or omissions which give rise to the claim occurred."  Assignment of actions removed from the Superior Court for the County of San Francisco should be assigned to either the San Francisco or Oakland Division of the Northern District pursuant to Local Rules 3-2(c) & (d).

//

//

**Notifications**

20. As required by 28 U.S.C. §1446(d), Defendant will provide prompt written notice to Plaintiffs of removal of this action to federal court.

21. As required by 28 U.S.C. 1446(d), Defendant will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of San Francisco.

Dated: February 5, 2016              FOX ROTHSCHILD LLP

By: */s/ Jaemin Chang*
Alexander Hernaez
Jaemin Chang
Attorneys for CYPRESS SECURITY, LLC
d/b/a CYPRESS PRIVATE SECURITY

FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: (415) 364-5540  Fax: (415) 391-4436

ACTIVE 38832592v2   02/05/2016                    7
NOTICE OF REMOVAL                                              CASE NO.: _____