UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO RITA, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> CYPRESS SECURITY, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY D/B/A CYPRESS PRIVATE SECURITY, <br><br>   Defendant. | Case No. 16-cv-00614-WHO <br><br> **ORDER TO SHOW CAUSE AND ORDER SETTING HEARING DATE AS TO REMAND** <br><br> Re: Dkt. No. 1 |

On February 5, 2016, defendant Cypress Security LLC d/b/a Cypress Private Security removed this action to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a). Cypress argues that counts 1-5 of the plaintiffs' complaint are preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and that the court has supplemental jurisdiction over the remaining counts under 28 U.S.C. §§ 13367, 1441(c). Dkt. No. 1 ("Removal Notice").

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If at any time [after removal] and before final judgment it appears that the district courts lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This Court questions whether subject matter jurisdiction exists here. In *Caterpillar, Inc. v. Williams*, the Supreme Court stated that § 301 preemption applies only to "claims founded directly on rights created by collective-bargaining agreements, and claims substantially dependent on analysis of a collective-bargaining agreement." 482 U.S. 386, 394 (1987) (internal quotation marks and citations omitted); *see also Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000) ("[I]t is settled law that a case may not be removed to federal court on

the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (internal quotation marks and citations omitted).

In *Burnside v. Kiewit Pacific Corp.*, the Ninth Circuit established a two-step analysis to determine whether section 301 preempts a plaintiff's claim. 491 F.3d 1053, 1060 (9th Cir.2007). A court must first "determine whether a particular right inheres in state law or, is instead grounded in a CBA." *Id*. "If, however, the right exists independently of the CBA, [the court] must still consider whether it is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Id*. at 1059 (internal quotation marks and citations omitted). "If the claim requires interpretation of the CBA, the claim is preempted; if the claim merely requires 'looking to' the CBA, it is not preempted. Although the 'look to'/ 'interpret' distinction is often difficult to draw, when the meaning of the contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require that the claim be extinguished." *Densmore v. Mission Linen Supply*, No. 115-cv-01873-LJO-SKO, 2016 WL 696503, at *4 (E.D. Cal. Feb. 22, 2016).

Here, the removal notice does not contain sufficient allegations to establish the applicability of the LMRA to this case. Cypress recognizes that the plaintiffs' complaint does not reference their membership in a union or the existence of a collective bargaining agreement ("CBA"). Removal Notice ¶ 12. Nevertheless, Cypress asserts rather conclusorily that the remedies plaintiffs seek "arise under the LMRA § 301" and "require interpretation of the CBA." *Id*. ¶¶ 15, 17. On this record, Cypress has not sufficiently alleged facts showing the need to interpret the CBA to resolve the claims in this case.

To determine whether the Court has subject matter jurisdiction, Cypress must show cause by March 28, 2016 in a memorandum of no more than ten pages that explains why removal is proper. I am especially interested in the ways in which this case differs meaningfully from similar cases in this Circuit that have held that the LMRA did not preempt plaintiffs' state law wage and hour claims and that removal, therefore, was improper. *See, e.g.*, *Asseko v. Guardsmark LLC*, No. 07-cv-4367-BZ, 2007 WL 4287551 (N.D. Cal. Dec. 6, 2007); *Densmore,* 2016 WL 696503;

1  *Cosmo Lopez v. Sysco Corp.*, No. 15-cv-4420-JSW, Dkt. No. 25 (N.D. Cal. Jan. 25, 2016);
2  *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932 (C.D. Cal. 2014).  The
3  memorandum shall address the Court's concerns and identify the facts demonstrating that the
4  CBA will need to be interpreted to resolve the claims in this case.  Plaintiffs may file a response
5  supporting or opposing removal by April 1, 2016 in a memorandum of no more than ten pages.
6  The Court will request a reply brief if needed.
7     The Court will hear this issue on April 13, 2016 at 2:00 p.m. in Courtroom 2, 17th Floor.
8     **IT IS SO ORDERED**.
9  Dated: March 22, 2016



WILLIAM H. ORRICK
United States District Judge

3