UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO RITA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CYPRESS SECURITY, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY D/B/A CYPRESS PRIVATE SECURITY,<br><br>    Defendant. | Case No. 16-cv-00614-WHO<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>Re: Dkt. Nos. 12, 15, 17 |

## INTRODUCTION

Plaintiffs Alfredo Rita and William Ku filed a putative class action asserting only state law claims against their employer, Cypress Security, LLC, d/b/a Cypress Private Security, in San Francisco Superior Court. Cypress removed it here on the theory that preemption under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, applies. It does not, however, because plaintiffs' claims are neither grounded in the parties' collective bargaining agreement ("CBA") nor substantially dependent upon it. As a result, this Court lacks subject matter jurisdiction and I REMAND it to state court for further proceedings.[1]

## BACKGROUND

On December 17, 2015, plaintiffs filed a lawsuit against Cypress in San Francisco Superior Court. Dkt. No. 1, Exh. A ("Compl."). Cypress is a private security company which contracts with the California Department of General Services ("CDGS") to provide security services in at least one of their buildings within San Francisco, California. *Id*. ¶ 18. Plaintiffs, Cypress security guards, allege that Cypress violated California Government Code § 19134 by failing to provide

---

[1] Plaintiffs' pending motion to amend is DENIED as MOOT. Dkt. No. 12.

benefits and/or cash-in-lieu payments to their employees as required by California law.  They claim that the contract Cypress entered into with CDGS (the "CDGS Contract") expressly states that Cypress must comply with section 19134.  *Id*. ¶ 19.  Furthermore, the CDGS Contract provides that failure to comply with the requirements of that section would be deemed a material breach of the contract.  *Id*. ¶ 20.  Plaintiffs allege that Cypress has "consistently failed to provide benefits and/or cash-in-lieu payments at hourly rates that are equal or greater than the rate required under Section 19134 to employees that perform security guard services pursuant to the [CDGS Contract]."  *Id*. ¶ 21.  They also assert that Cypress made affirmative misstatements regarding whether it was properly compensating its employees under the CDGS Contract.  *Id*. ¶ 24.

The putative class action complaint encompasses seven state law causes of action: (1) violation of California Labor Code § 200; (2) violation of California Business and Professions Code § 17200 *et seq*.; (3) breach of contract; (4) breach of implied good faith and fair dealing; (5) constructive fraud; (6) intentional misrepresentation; and (7) negligent misrepresentation.

On February 5, 2016, Cypress removed the case to this district, claiming federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).  The Removal Notice asserted that because plaintiffs' claims arose out of their employment, which is governed by a CBA, their complaint is preempted under section 301 of the LMRA. Dkt. No. 1.  Approximately one month after the case was removed, plaintiffs filed a motion seeking leave to amend to remove the class claims and to proceed instead on behalf of twenty five retained plaintiffs.  Because I found Cypress's Notice of Removal to be insufficient to establish federal question jurisdiction, I ordered the parties to file supplemental briefing on whether the Court has subject matter jurisdiction.  Dkt. No. 13.  Both parties subsequently did so.  Dkt. No. 15 ["Def. Memo."]; Dkt. No. 17 ["P. Memo."].  I heard argument on April 13, 2016.

## LEGAL STANDARD

A defendant may remove a state action to federal court if the court has original subject matter jurisdiction over the action.  28 U.S.C. § 1441.  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  "The removal statute is strictly construed, and any doubt about

2

the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Therefore, "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubts as to removability should be resolved in favor of remand. *Id.*

The appropriateness of removal is adjudicated based on the complaint at the time the removal petition is filed. *See Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

**DISCUSSION**

Cypress removed this action on the basis that plaintiffs' first five causes of action were preempted by section 301 of the LMRA and that supplemental jurisdiction could be exercised over the remaining causes of action.

Section 301 preemption applies to "claims founded directly on rights created by collective-bargaining agreements, and claims substantially dependent on analysis of a [CBA]." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (internal quotation marks and citations omitted). In *Burnside v. Kiewit Pacific Corp.*, the Ninth Circuit established a two-step analysis to determine whether section 301 preempts a plaintiff's claim. 491 F.3d 1053, 1060 (9th Cir. 2007). A court must first "determine whether a particular right inheres in state law or, is instead grounded in a CBA." *Id*. "If, however, the right exists independently of the CBA, [the court] must still consider whether it is nevertheless substantially dependent on analysis of a [CBA]." *Id*. at 1059 (internal quotation marks and citations omitted). "When the meaning of particular contract terms is not disputed, however, the fact that a [CBA] must be consulted for information will not result in § 301 preemption." *Aguilera v. Pirelli Armstrong Tire Corp*., 223 F.3d 1010, 1014 (9th Cir. 2000).

The first step of the *Burnside* analysis requires me to "consider the *legal* character of a claim, as independent of rights under the [CBA] and not whether a grievance arising from precisely the same set of facts could be pursued." *Burnside*, 491 F.3d at 1059-60 (internal quotation marks, modifications, and citations omitted) (emphasis in original). Here, Cypress cannot seriously dispute that the asserted causes of action involve rights conferred by virtue of California law. Plaintiffs' rights to receive benefits and/or cash-in-lieu of benefits exist pursuant

3

to California Government Code section 19134 as set forth in both the statute and the contract between Cypress and CDGS. None of these rights was created under the CBA nor appears in the CBA. Accordingly, I move on to the second step and analyze whether the claimed rights are "substantially dependent" on the analysis of the CBA. I find that they are not.

"Tracing the line of demarcation between preempted claims and those that survive section 301's reach – is not a task that always lends itself to analytical precision." *Burnside*, 491 F.3d at 1060 (internal quotations and citations omitted). If the court must simply "look to" the CBA, the state law claims are not preempted, but if the court must "interpret" the CBA, then the claims are preempted. *Id*. This distinction is "not always clear or amenable to a bright line test." *Cramer v. Consol. Freightways, Inc*., 255 F.3d 683, 691 (9th Cir. 2001). But "when the meaning of contract terms is not the subject of dispute, the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require" that a state law claim is preempted. *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).

Cypress does not contend that the CBA refers to section 19134 or that the meanings of the CBA's terms are subject to dispute. Instead, it points to Article 25.10(b) of the CBA which grants the union the exclusive right to bring collective or class action claims. *See* Dkt. No. 3-1 at 32 ("The Union has the exclusive right to assert collective or class action grievances or grievances on behalf of more than one employee."). Because plaintiffs sought to bring a putative class action, Cypress argues that the plaintiffs' ability to do so poses a "threshold issue" that is substantially dependent on the court's analysis of the CBA. Def. Memo. at 4.

Cypress's class certification argument is unconvincing. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). The ability to bring class or collective claims is not a threshold issue for the purposes of determining whether removal was proper in this instance. While Cypress asserted this same class certification argument as an affirmative defense in their answer, "the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded

4

complaint rule – that the plaintiff is the master of the complaint." *Caterpillar*, 482 U.S. at 398-99.

In order to determine whether the Court has subject matter jurisdiction, I must look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Sacramento Metro. Air Quality Mgmt. Dist.*, 215 F.3d at 1014. As discussed above, plaintiffs' complaint does not mention their membership in a union or the existence of a CBA, but instead focuses only on alleged violations of California labor law and the CDGS Contract.

Further, Cypress has not convincingly demonstrated that a court would need to "interpret" Article 25.10(b) of the CBA in the course of this litigation. The provisions of Article 25.10(b) are clear and not in dispute. Plaintiffs are not seeking to enforce their rights under CBA, nor do they challenge the plain meanings of its terms.[2] Even if a court needed to consult the CBA at some point during this litigation, a "reference to or consideration of the terms of a [CBA] is not the equivalent of interpreting the meaning of the terms." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 749 (9th Cir. 1993).

There is a significant distinction between claims requiring interpretation of a CBA and claims that only reference it and are not preempted. "When a claim does not arise under a [CBA], the claim is preempted only when its resolution depends on the disputed meaning of or requires an interpretation of contract terms." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 873 (7th Cir. 2011). But where "there is no dispute over the meaning of any terms within the agreement, resolution of the central issue ... does not depend on interpretation of the collective bargaining agreement." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007). Due in part to the requirement to show a true need to interpret, and not simply refer to, the CBA provisions, multiple courts within this district have remanded similar wage and hour cases to state court. *See, e.g.*, *Cuellar-Ramirez v. US Foods, Inc.*, No. 16-cv-0085-RS, 2016 WL 1238603, at *5 (N.D. Cal. Mar. 22, 2016) (remand to state court despite defendant's repeated insistence that the CBA needed to be "analyzed and interpreted" because it never identified any provision that would have required

---

[2] In fact, plaintiffs are seeking to amend their complaint to remove their class claims, thereby diminishing the chance that the court would even need to "look to" the CBA to resolve this matter.

5

"elucidation"); *Densmore v. Mission Linen Supply*, No. 11-5-cv-01873, 2016 WL 696503, at *7 (E.D. Cal. Feb. 22, 2016) (finding no section 310 preemption because, in part, "[t]he provisions in the three CBAs relevant to [plaintiff's state law] claim are clear and do not require interpretation"); *Sanchez v. Calportland Co.*, No. 15-cv-07121, 2015 WL 6513640, at *4 (C.D. Cal. Oct. 26, 2015) ("No 'interpretation' is needed of the CBA at issue – which is straightforward and clear – to determine whether it provides an employee with the [alleged] rights."). Considering the alleged causes of action, the clarity of the CBA's terms, and the lack of dispute over their meaning, Cypress has not provided a need to interpret Article 25.10(b) of the CBA.

Cypress also asserts that the Court must interpret the CBA because both the CBA and the CDGS Contract are "related and govern plaintiffs' wage and benefits pay." Def. Memo. at 5. Because the CBA has a section regarding wages, Article 12.1,[3] Cypress contends that the Court must first determine whether the CBA or the CDGS Contract's terms apply to plaintiffs' claims. *Id*. at 5-6. But Cypress has not demonstrated a need to interpret the CBA and this argument fails for the reasons discussed above.

*Asseko v. Guardsmark LLC*, No. 07-cv-4367-BZ, 2007 WL 4287551, (N.D. Cal. Dec. 6, 2007) is on point.[4] There, security guards filed a putative class action against their employer in state court alleging failure to pay wages and benefits as required by California Government Code § 19134. *Id*. at *1. The *Asseko* defendant removed the action to federal court, contending that plaintiffs' causes of action were preempted by section 301 of the LMRA. The district court remanded the case because the claims were not dependent on an analysis or interpretation of the CBA. It noted that "[t]he [CBA] does not refer to section 19134 and plaintiffs do not allege a violation of that agreement." *Id*. at *2. Although plaintiffs' wages and benefits were referred to in the CBA, there was "no evidence that plaintiffs negotiated away or expressly waived their state rights under section 19134." *Id*. Therefore, the court concluded that section 301 preemption did not grant the court federal jurisdiction over the claims because "[p]laintiffs' claims are not

---

[3] Article 12.1 sets the minimum wage for security officers and specifies certain dates for wage increases, as well as the amount by which their wages should be increased. Dkt. No. 1-3 at 12.
[4] Cypress concedes that the complaint in this case tracks the *Asseko* complaint "almost verbatim." Def. Memo. at 7

dependent on an analysis or interpretation of the [CBA]." *Id*. at *3.

The same analysis is applicable here. The fact that Article 12.1 of the CBA refers to wages and benefits does not undermine plaintiffs' ability to vindicate their rights under state law. While the CBA may need to be referenced during the adjudication of this matter, plaintiffs' claims do not depend on nor require interpretation of the CBA.

Because plaintiffs' complaint only alleges state law claims, and section 301 preemption is not applicable, this Court lacks subject matter jurisdiction and must remand the case.

## CONCLUSION

This case is REMANDED to state court. Lacking subject matter jurisdiction, I DENY plaintiffs' motion to amend as MOOT.

**IT IS SO ORDERED**.

Dated: May 4, 2016



WILLIAM H. ORRICK
United States District Judge